## HENDERSON v. HENDERSON, ADMINISTRATRIX.

[No. 20,537. Filed October 3, 1905. Rehearing denied January 3, 1906.]

1. EVIDENCE.—*Cross-Examination.—Limits.—Discretion of Court.—Banks and Banking.—Certificates of Deposit.*—Where witness testified in chief that she had deposited the $1,300 in question to the credit of her daughter, the claimant, it was not reversible error on cross-examination to require her to answer where and how she got the money, where she kept it, whether she had other children less fortunately situated than claimant and whether she let her taxes go delinquent and a mortgage stand against her property during the time she claimed she had such money. p. 668.

2. SAME. — *Cross-Examination.* — *Banks and Banking.* — *Certificates of Deposit.*—Where a witness testifies in chief that she deposited $1,300 in a bank to the credit of claimant, defendant has the right on cross-examination to go into all phases and details of such deposit. p. 669.

Henderson *v.* Henderson—165 Ind. 666.

3. EVIDENCE.—*Certificates of Deposit.—Ownership of Bank.— Decedents' Estates.* — Where a claim, founded upon a certificate of deposit, is filed against the estate of decedent, the owner of such bank, it is proper to exclude evidence showing that other persons were interested in or engaged in the conduct of such bank, or whether it ever ceased to do business, such questions being outside of the issues. p. 670.

4. SAME. — *Impeaching.* — *Tax-Duplicates.—Mortgages.*—Where claimant shows that her mother deposited to claimant's credit in a bank $1,300, defendant may introduce in evidence, as tending toward a denial thereof, the tax duplicates of the years such mother claims she had such money showing that such mother's taxes were delinquent and unpaid, and also may introduce an unpaid mortgage owing by such mother during such time. p. 670.

5. APPEAL AND ERROR.—*Supreme Court Rules.—Briefs.*—Where appellant sets out in his brief merely what, in his judgment, is the legal effect of instructions complained of, no question thereon is presented. p. 671.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Claim by Loutitia Henderson against Loutitia Henderson as administratrix of the estate of Alexander H. Henderson, deceased. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Martindale & Stevens* and *Talbot & Talbot,* for appellant.

*Harvey W. Jones, Meyer & Drummond* and *A. L. Courtwright,* for appellee.

HADLEY, J.—Appellant, being the administratrix of her husband's estate, filed a claim against said estate, founded on what purported to be a certificate of deposit executed to her by her husband, a private banker, which instrument is as follows: "$1,300. Knox, Indiana, January 13, 1892. The Knox Bank of Alexander H. Henderson. Mrs. Elizabeth Bickel has deposited in this bank $1,300, payable to the order of Mrs. Lou M. Henderson in current funds, on demand, on the return of this certificate properly indorsed. Alex. H. Henderson." The

court, not being satisfied with the correctness of the claim, under the provisions of §2476 Burns 1901, Acts 1883, p. 151, §9, appointed Mr. Courtwright, a practicing attorney, to represent the estate.

The only questions sought to be presented by the appeal arise on appellant's motion for a new trial, and are, (1) the action of the court in permitting and in refusing certain testimony to go to the jury; and (2) in the giving and in refusing to give certain instructions to the jury.

Elizabeth Bickel, mother of the claimant, testified in chief that she was present when the certificate of deposit was executed and signed by the decedent; that when

1. the certificate was prepared and signed it was handed by the deceased to the claimant, who was then his wife. She identified the payee of the certificate as being her daughter. She also explained, on cross-examination that she deposited the money for her daughter as a gift. Further on in cross-examination the court permitted appellee, over appellant's objection and exception, in a palpable effort to discredit the recital in the certificate and oral statement that witness had deposited $1,300 with the decedent, to ask the witness where and how she got the money; and, witness having answered that she earned it weaving carpet, appellee was further permitted to ask her how long she was in acquiring it, where she had kept it in the meantime, if she did not have other children less fortunately situated in life, if she had not during the time permitted a mortgage on her real estate to remain unpaid for a considerable time, and if she had not permitted her taxes to go delinquent for a number of years in which she claimed to have the $1,300, or the most of it. The objections urged to the various questions were (1) because it was not cross-examination and no part of the transactions testified about in chief; and (2) the evidence elicited would in no way prove or disprove any issue in the case.

The purpose of a cross-examination is to sift the testimony of a witness, and separate that which is true from that which is false or misleading; and trial courts have a wide discretion in allowing questions reasonably addressed to these ends, and more especially along lines incapable or impracticable of proof by other evidence. We think it is everywhere acknowledged that within proper bounds, to be controlled by the court, a witness on cross-examination may be questioned concerning his antecedents, as affecting his credibility; and for the same purpose, as a general rule, questions which tend to develop the motive, bias or interest of the witness should be allowed. It is therefore only where there has been an obvious abuse of discretion in the trial court that this court will interfere. *Shields* v. *State* (1897), 149 Ind. 395, 402; *Bessette* v. *State* (1885), 101 Ind. 85; *Wachstetter* v. *State* (1885), 99 Ind. 290, 295, 50 Am. Rep. 94; *Chicago, etc., R. Co.* v. *Barnes* (1894), 10 Ind. App. 460; 2 Elliott, Evidence, §908; 1 Wharton, Evidence, §§544, 545.

Furthermore, the witness had been called by the claimant to testify concerning the execution of a certificate that recited upon its face that the witness had deposited the money in controversy with the decedent for the use of the claimant. Thus the claimant had brought the general subject of a deposit of the money before the court, and in such cases "it is well settled that where the direct examination opens on a ·general subject the cross-examination, may go into any and all phases of that subject." ·*Louisville, etc., R. Co.* v. *Wood* (1888), 113 Ind. 544, 557; *Vogel* v. *Harris* (1887), 112 Ind. 494.

The record discloses unusual caution by the counsel for appellant in limiting the direct examination of her best-informed and most important witness, and their caution in this regard may have furnished the court the justification, under the circumstances of the case, for an enlarged license

in cross-examination. At all events, in a careful review of the evidence, we are convinced that no reversible error was committed in allowing the questions.

Complaint is also made of the court's ruling in sustaining appellee's objections to the following questions propounded by appellant to her witness Rogers: "Was anybody

3. associated with him [meaning decedent] in the banking business?" "Please state, if you know, who, if any one, was interested in or in any way engaged in conducting the Knox Bank of Alexander H. Henderson [the decedent]." "You may state to the jury whether the Knox bank at any time ceased to do business in the town of Knox." The questions were not material to any issue in the case, and were properly excluded.

Over appellant's objection the court admitted in evidence tax duplicates for 1891, 1892 and 1893, and certified copies of certain deeds and mortgages, which showed that

4. the witness Bickel, who claimed to have given the money in controversy to her daughter, the claimant, suffered her taxes for the years named, in all not exceeding $10 in any one year, to become delinquent, and for some time before that, and during the period Mrs. Bickel claimed she had in her possession the $1,300, or the most of it, she suffered a mortgage which she had assumed to pay to remain unpaid for a considerable time. There was no answer filed by the court's committee, and the case was tried upon the evident theory that he was, as an administrator, under the statute entitled to all defenses without plea, except counterclaim and set-off. Under these broad issues it was competent for the defendant to show, if he could by legitimate evidence, that Mrs. Bickel did not give the claimant, and did not deposit $1,300 with the decedent, for the use of claimant. The evidence complained of tended in that direction and was competent.

No question is presented on instructions for noncompliance with the fifth subdivision of rule twenty-two, which reads thus: "A concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript. If the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely. The statement will be taken to be accurate and sufficient for a full understanding of the questions presented for decision, unless the opposite party in his brief shall make necessary corrections or additions." Under the statute but one copy of the record, in an appeal, is filed in this court; and, it being impracticable in the reasonable dispatch of business for each judge of the court to take such record for personal examination before a final disposition of the cause, it was deemed necessary to adopt some plan whereby the judges may reach an accurate knowledge of the record without an examination of the original. The plan adopted, as outlined in rule twenty-two, requires that in the preparation of his brief the appellant, among other things, shall make a concise statement of so much of the record as fully presents every error and exception relied on; that is to say, his brief must present a concise—not a full—statement of every part of the record that is essential to a full presentation of every question relied upon for reversal. A brief so constructed enables each member of this court, in reading the brief and considering the case in his chambers, to act as intelligently upon the questions involved as if he personally had the original record before him. The question of the rule, however, is no longer one of expediency. *Magnuson* v. *Billings* (1899), 152 Ind. 177; *Cleveland, etc., R. Co.* v. *Stewart* (1903), 161 Ind. 242; *State, ex rel.,* v. *Lankford* (1902), 158 Ind. 34; *Boseker* v. *Chamberlain* (1903), 160 Ind. 114; *Harrold* v. *Fuenfstueck* (1903), 31

Ind. App. 275; *McElwaine-Richards Co.* v. *Wall* (1902), 159 Ind. 557. Appellant has made no effort to comply with the rule beyond stating that the court erred in giving number three of its own motion, and for refusing to give numbers one, two, three, four, five, six and eight tendered by appellant, and in addition a brief statement, not of the contents or substance of the instructions, but his opinion of their legal effect. In testing instructions, the legal effect is to be determined by the court from the language used, and not by the opinion of counsel. For failure to comply with the fifth subdivision of rule twenty-two, we must hold that no question arises upon instructions.

There is by no means such a failure of evidence to sustain the verdict as will warrant us in disturbing it.

Judgment affirmed.