## ELLISON *v*. FLINT ET AL.

[No. 6,350.    Filed February 5, 1909.]

1. APPEAL.—*Weighing Evidence*.—The Appellate Court will not weigh conflicting oral evidence.    p. 277.

2. PRINCIPAL AND AGENT.— *Authority*.— *Evidence*.— *Notes*.— Evidence that a son conducted his mother's business generally, made the loan in question and that the borrower thought for a long time afterward that such son was the principal therein, making payments directly to him and also to the mother, without objection from mother or son, sufficiently shows that the son was authorized to receive payments thereon.    p. 278.

3. EVIDENCE.—*Sustaining Objections to*.—*Subsequent Introduction of*.—*Harmless Error*.—*Appeal*.—Where objections are sustained to certain offered evidence, but such evidence is subsequently introduced, sustaining such objections is harmless.    p. 279.

4. EVIDENCE.—*Credits on Bank Books*.—*Notes*.—Evidence, in an action on notes, that certain checks, alleged to constitute credits on such notes, were never credited on the bank books, is irrelevant, the question being whether they were or should have been credited on the notes.    p. 279.

5. APPEAL.—*Evidence*.—*How Presented*.—*Briefs*.—Where the admission or exclusion of evidence is questioned on appeal, there must be set out in the appellant's brief a concise statement of the record presenting such evidence, together with the page and lines of the transcript where the same may be found.    p. 279.

From Lagrange Circuit Court; *James S. Dodge*, Judge.

Suit by Susan M. Ellison against John B. Flint and another. From a decree for plaintiff for a part of her prayer, she appeals.    *Affirmed*.

*T. E. Ellison*, for appellant.

*Frank J. Dunten* and *John M. VanFleet*, for appellees.

HADLEY, J.—This was an action brought by appellant against appellees for judgment on two notes of $1,300 each

and for the foreclosure of a mortgage given to secure the same. Appellees answered jointly in three paragraphs: (1) General denial; (2) plea of no consideration; (3) plea of payment. Appellee Anna S. Flint answered separately in two paragraphs, averring duress at the time of the execution of the mortgage. To this answer appellant filed a reply in general denial and affirmative matter by way of estoppel, and also praying that, if it were found that said mortgage was executed under duress, said appellant be subrogated to the rights of lien holders whose liens had been paid and discharged with the money secured on said notes and mortgage. Trial was had, and judgment given appellant for the sum of $391.16 and a decree entered for the foreclosure of the mortgage to satisfy the same.

The only error assigned and argued is that the court erred in overruling appellant's motion for a new trial. Under this assignment, appellant argues at great length and with much detail the specification in the motion for new trial that the assessment of the amount of recovery is too small.

Appellee John Flint's contention on the trial, in support of his plea of payment, was that for a long series of years he had been making payments on the notes in cash and produce. It appears from the evidence that the management of appellant's business, and especially that with reference to this loan, was wholly within the control of her son, Rollin Ellison, who owned and conducted a bank; that appellees were ignorant and uneducated, barely able to read and write; that appellee John Flint had great confidence in Rollin Ellison, and entrusted him entirely with the keeping of the accounts and making indorsements upon the notes of any and all payments made.

Upon an examination of the record we find that there is evidence to support each credit claimed by appellees, and which, if believed, would warrant the court in making the finding that it did. There are a great many items and a large amount of testimony in regard to them, and it

would be unprofitable to enter into a discussion of the evidence of each particular item where the evidence was conflicting. Appellant insists that her evidence should be believed, for the reason that some of it is corroborated by bank-books kept by Rollin Ellison; but the evidence clearly shows that these books were wholly unreliable. They did not exhibit all of the transactions of the bank, nor did they correctly show the business of the bank. Rollin Ellison himself testified that his bank had failed with a large shortage in its funds unaccounted for. Appellant has not shown us any item of credit considered by the court in making up its finding that there is no evidence to support. The evidence, as to the payments, is wholly oral.

It is insisted also that the evidence is insufficient to sustain the finding, for the reason that there is no testimony showing that Rollin Ellison had any authority from appellant to receive payments upon the said notes before their maturity. The evidence clearly shows that Rollin Ellison was the agent of appellant with full power to control and manage her affairs. He made the loan to appellees, and they did not know until long after it was made that it was not made directly by Rollin Ellison. He made all arrangements concerning it, and received the payments at different times, as made by appellees. Further than this, a large amount of the produce from appellees' farm—amounting to several hundred dollars—for which credit is claimed, was delivered directly by appellee John Flint to appellant herself, and no objection was made to the time or to the manner of the payments by either appellant or her agent. These facts and circumstances, together with many other matters that are shown by the evidence in the various transactions, would clearly warrant the court's inferring that Rollin Ellison was fully empowered and authorized to accept such payments in the way in which he did. In this state of the evidence, we cannot weigh the same and determine which of the witnesses should be believed

and which should not be believed, and set our judgment upon the same against the judgment of the lower court, which had much better facilities for arriving at a correct determination. *Parkison* v. *Thompson* (1905), 164 Ind. 609; *Keesling* v. *Keesling* (1908), 42 Ind. App. 361.

Objection is made to the refusal of the court to permit Alice H. Ellison, an assistant in the bank, to answer a question as to the credits, or money, given by appellant, that went to the Flints. The question is, apparently, unintelligible and obscure; but, from our best understanding of the same, it is specifically answered in detail in the next question and answer, and there was no error in the ruling.

Objection is also made to the refusal of the court to permit the same witness to testify that she had made a careful examination of the bank's books, and that they did not show that certain checks drawn by one Fitzgibbons had been credited to appellee John Flint. There was no error in the exclusion of this evidence. The bank officers agreed that said appellee never had an account at the bank, and said appellee did not claim that said checks should have been credited to him on the books of the bank. What he did claim was that they should have been credited on the notes; that they were given to the cashier for that purpose, and the fact, if such fact could have been shown, that the checks were not credited to him on the books of the bank would tend to prove, if anything, his contention that Rollin Ellison took the checks and, instead of crediting them on the notes, as requested, appropriated them to his own use. The evidence not being relevant to the issue was properly excluded.

Appellant has suggested other errors in the exclusion of the evidence, but has failed so to present them as to warrant this court in considering them. A concise statement of the record presenting the question is not set out; neither is the page of the record given where

such evidence may be found, nor is the name of the witness given. For us to pass upon these questions would require a complete examination of nearly three hundred pages of record, and it has been decided by the Supreme Court and this Court that this we should not be required to do. *Citizens Gas, etc., Co.* v. *Whipple* (1904), 32 Ind. App. 203; *Nurrenbern* v. *Daniels* (1904), 163 Ind. 301; *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489.

Counsel for appellant is in no position to complain of the enforcement of this rule, since his attention was called to the deficiencies of his brief by appellees' brief, and appellant, instead of endeavoring to correct them, merely sought to justify them.

We have considered all of the questions properly presented to us. We find no reversible error.

Judgment affirmed.