KING ET AL. *v.* THE STATE OF INDIANA, EX REL. HALBERT TOWNSHIP OF MARTIN COUNTY.

[No. 7,196. Filed February 17, 1911. Rehearing denied May 10, 1911.]

1. APPEAL.—*Rules.*—A substantial compliance with the Appellate Court rules is essential in the presentation of a case on appeal. p. 596.

2. APPEAL.— *Briefs.*— *Waiver.*— Where appellants in their brief, under the head of "Issues" states that a demurrer was filed to the complaint and overruled, and an exception taken, under the head of "Points," that the complaint is questioned by the assign-

ment of errors, and by demurrer in the court below, a number of instructions also being set out as given or refused, with the statement that the giving or the refusal of each thereof was error, and under the head of "How the Issues Were Determined," that appellants filed a motion for a new trial which was overruled, and they excepted, no question is presented.    p. 596.

From Martin Circuit Court; *Clinton K.* *Tharp*, Special Judge.

Action by The State of Indiana, on the relation of Halbert Township of Martin County, Indiana, against Carl C. King and others.    From a judgment for plaintiff, defendant appeals.    *Affirmed.*

*A. J. Padgett, Alvin Padgett* and *Hiram McCormick*, for appellants.

*Frank E. Gilkison* and *Fabius Gwin*, for appellee.

ADAMS, J.—This action was brought by the State, on the relation of Halbert township of Martin county, against Carl C. King and others for an alleged breach of a gravel road contractor's bond.

Rule twenty-two of the Supreme Court and this court is as follows: "The brief of appellant shall contain a short and clear statement disclosing: First. The

1. nature of the action.    Second. What the issues were. Third. How the issues were decided, and what the judgment or decree was.    Fourth. The errors relied upon for reversal.    Fifth. A concise statement of so much of the record as fully presents every error and exception relied on."    It has so often been held that a substantial compliance with said rule is necessary, and the principle is now so well established, that a citation of authorities would add nothing to this opinion.

Appellants' brief, under the head of "Issues," shows that appellants demurred to the amended complaint for want of sufficient facts to constitute a cause of action,

2. and that the court overruled the demurrer, to which ruling appellants excepted.    It is shown under the

head of "Points," that "the complaint is questioned by assignment of error, and was also questioned in the court below by demurrer." Under the head of "How the Issues Were Determined," the brief shows that "appellants filed a written motion for a new trial, which was overruled, and they excepted." No other reference is made in the brief to the motion for a new trial. A number of instructions given and refused are set out under "Points," with the statement that giving, or refusing to give, each was error.

We do not consider this a compliance with the most reasonable interpretation of the rules of this court in the matter of preparing appellants' brief. In order to facilitate the work of the court and to secure the prompt and orderly dispatch of business, it is necessary uniformly to enforce the rules. No rule is more important than the one which requires an appellant to set out in his brief the errors upon which he relies for reversal. This is the first matter upon which the court on appeal wishes to be advised, and an appellant's brief is the court's only source of information. It would be impossible from appellants' brief in this case to determine what errors are assigned, and it would be impossible, from an examination of both the brief and the record, to determine what errors are relied upon for reversal.

As we have seen, the fourth subdivision of rule twenty-two requires that the errors relied upon for reversal shall be set out in appellant's brief. In this case no question of a good-faith effort to comply with the rule arises. There was no effort.

Judgment affirmed.