## SCHRADER ET AL. v. MEYER ET AL.

[No. 6,878.   Filed June 8, 1911.]

1.   APPEAL.—Assignments of Errors.—The assignment of errors constitutes the appellants' complaint on appeal.   p. 37.

2.   APPEAL.—Rules.—The purpose of Appellate Court rules in relation to the preparation of briefs, is to enable the several judges to determine the merits of the appeal without the delay of examining the record.   p. 37.

3.   APPEAL.—Rules.—Briefs.—Where appellants, in their brief, fail (1) to set out any errors relied upon, (2) to set out the motion for a new trial relied upon, or to state its grounds, (3) to set out the complaint or the substance thereof, (4) to set out the

demurrer to the complaint, or to state the grounds thereof, and (5) to give a summary of the evidence, no question is presented. p. 38.

From Superior Court of Tippecanoe County; *Henry H. Vinton,* Judge.

Action by Alice Meyer, individually, and as guardian of Edith Schrader and others, against John Schrader and others. From a judgment for the plaintiff, as guardian, defendants appeal. *Affirmed.*

*Wilson & Quinn,* for appellants.
*Edgar D. Randolph* and *Edgar G. Collins,* for appellees.

FELT, J.—This is an appeal from the Superior Court of Tippecanoe County from a judgment of $690 in favor of Alice Meyer, as guardian of Edith and Henry Schrader, minor heirs of William Schrader, deceased.

The appellants in the preparation of their brief have failed to comply with rule twenty-two of this court in the following particulars: (1) The errors assigned are not set out or shown in any way; (2) the motion for a new trial relied upon is not set out or its grounds stated; (3) neither the complaint nor the substance thereof is shown; (4) the cause of the demurrer is not stated; (5) there is no condensed recital of the evidence in narrative form.

The rules require that "the errors relied upon for a reversal" be shown in appellant's brief; but here there is not only a failure to set out the errors assigned, but there is not so much as a reference by page or line to the record where they may be found.

The assignment of errors in appellate procedure bears the same relation to the appeal that the complaint bears to the original suit, and when not shown in the brief, the errors, if any, are not available. The primary purpose of the rules is to expedite the business of the court, and the briefs, properly prepared, enable the judges, other than the one to whom the

record has been distributed, to become familiar with the merits of the questions presented on appeal.

In the absence of briefs that comply with the rules, the questions cannot be decided, unless the judges do that which the rules require of the attorneys, and if this is done by them, it results in placing a hardship upon the litigants whose cases must wait while time is thus unnecessarily consumed.

These rules have been so long promulgated and so frequently passed upon by the courts that little excuse can be found for failing substantially to comply with them. In this case the failure is of such a character that to attempt to ascertain and decide the questions presented would be to abrogate the rules, and this we cannot do. *Chicago, etc., R. Co.* v. *Newkirk* (1911), *post*, 349; *Buehner Chair Co.* v. *Feulner* (1905), 164 Ind. 368; *Howard* v. *Adkins* (1906), 167 Ind. 184; *Indianapolis St. R. Co.* v. *Marschke* (1906), 166 Ind. 490; *Miller* v. *Collier* (1905), 35 Ind. App. 176; *Indiana Union Traction Co.* v. *Heller* (1909), 44 Ind. App. 385; *State* v. *Lukins* (1909), 43 Ind. App. 341; *Inland Steel Co.* v. *Smith* (1907), 39 Ind. App. 636.

Judgment affirmed.