## GRIFFITH *v.* FELTS ET AL.

[No. 7,717.   Filed October 8, 1912.   Rehearing denied January 24, 1913.]

1. APPEAL.—*Briefs.*—*Omission of Error Relied on for Reversal.*— *Affirmance.*—Where appellant's brief does not contain a statement of the errors relied on for reversal, and does not inform the court, except by inference, that any assignment of errors is in the record, the judgment must be affirmed.  p. 269.
2. APPEAL.—*Briefs.*—*Rules of Court.*—*Force and Effect.*—The rule of the Supreme and Appellate Courts requiring appellant's brief to contain a statement of the errors relied on for reversal, has the force and effect of law, binding alike on litigant and the Court.  p. 269.
3. APPEAL.—*Review.*—*Harmless Error.*—*Exclusion of Evidence.*— *Affirmance.*—Where it appears that the trial court reached a correct result which would not have been affected by the admission of evidence which was excluded, the error, if any, is not cause for reversal.  p. 270.

From Whitley Circuit Court; *Joseph W. Adair*, Special Judge.

Action by Louise Felts Griffith against Frank E. Felts and others.   From a judgment for defendants, the plaintiff appeals.  *Affirmed.*

*Lesh & Lesh* and *C. F. McNagny*, for appellant.

*Eichhorn & Vaughn* and *Bowers & Feightner*, for appellees.

FELT, J.—This is an action to quiet title to and obtain possession of real estate.

At the conclusion of the evidence the trial court, on motion of appellees, defendants below, instructed the jury to find for defendants. The jury returned its verdict in accordance with the instruction, and judgment was rendered on the verdict, from which this appeal is taken.

Under the established rules of this court and our Supreme Court the judgment must be affirmed for the failure of appellant to set out in her brief the errors relied on for reversal. The brief wholly fails in this respect, and does not inform the court, except by inference, that any assignment of errors is in the record. The rule is definite and clear, and has the force and effect of law, binding alike on litigant and on the court. *Schrader* v. *Meyer* (1911), 48 Ind. App. 36, 95 N. E. 335; *King* v. *State, ex rel.* (1911), 47 Ind. App. 595, 93 N. E. 1082; *Albaugh Bros., etc., Co.* v. *Lynas* (1911), 47 Ind. App. 30, 33, 93 N. E. 678; *Ferdinand R. Co.* v. *Bretz* (1911), 47 Ind. App. 642, 94 N. E. 1046; *Magnuson* v. *Billings* (1899), 152 Ind. 177, 180, 52 N. E. 803; *American Fidelity Co.* v. *Indianapolis, etc., Fuel Co.* (1912), 178 Ind. 133, 98 N. E. 709; *Chicago, etc., R. Co.* v. *Newkirk* (1911), 48 Ind. App. 349, 93 N. E. 860.

It does appear, however, from appellant's brief, that the relief prayed for depends on proof that a deed executed by the father of appellant's husband and placed in escrow to be delivered to appellant's husband, now deceased, on the death of the grantor, was, after being placed in escrow and before delivery to the grantee, altered by the insertion therein of a clause which changed the title conveyed from a fee simple to a life estate.

Neither the evidence set out in appellant's brief as admitted nor that alleged to have been erroneously excluded by the court tends to prove that the deed when placed of record was not in the identical form and condition that it

was in when signed and acknowledged by the grantor nor that it was altered in any respect by any person.

On the issues as disclosed by appellant's brief it appears that the trial court reached a correct result, which would not have been affected by the admission of the evidence 3. excluded. Where the result reached is clearly right on the merits, the judgment will not be reversed for intervening errors not substantially affecting the merits of the case.

From appellant's brief it appears that this case falls within the above rule, and that no assignment of error, on the facts of the case disclosed by the brief, should work a reversal of the judgment. *City of Logansport* v. *Jordan* (1908), 171 Ind. 121, 133, 85 N. E. 959, 37 L. R. A. (N. S.) 1036, 17 Ann. Cas. 415; *Germania Fire Ins. Co.* v. *Pitcher* (1903), 160 Ind. 392, 405, 64 N. E. 921, 66 N. E. 1003; *Hedrick* v. *Robbins* (1903), 30 Ind. App. 595, 600, 66 N. E. 704.

The judgment of the lower court is therefore affirmed.

Hottel, C. J., Lairy, Myers and Ibach, JJ., concur. Adams, P. J., not participating.

NOTE.—Reported in 99 N. E. 432. · See, also, under (1, 2) 2 Cyc. 1014; (3) 38 Cyc. 1450.