## MILLER ET AL. *v.* RUSE ET AL.

[No. 7,869. Filed April 2, 1913. Rehearing denied June 25, 1913.]

1. APPEAL.—*Briefs.*—*Sufficiency.*—Under the rules of the Supreme and Appellate Courts, appellants' failure to show in their brief that they reserved any exception to the ruling of the trial court on the motion for new trial, or that they assigned such ruling as error on appeal and rely on it for a reversal, deprives them of a consideration of any question presented by the ruling on such motion. p. 27.

2. APPEAL.—*Review.*—*Affirmance.*—Where appellants' brief is so deficient that the court cannot, without resort to the record, say that any ruling of the trial court to which exception was properly saved is presented by the appeal, the judgment will be affirmed. p. 28.

From Superior Court of Marion County (78,929) ; *John J. Rochford,* Special Judge.

Action by Joseph M. Miller and another against Asa O. Ruse and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Edwin B. Pugh,* for appellants.

*W. W. Spencer, E. W. Spencer* and *J. Fred Masters,* for appellees.

HOTTEL, J.—Appellants in their brief, under the head, "Nature of the Action" say: "This was an action brought by appellants against appellee for an injunction seeking to enjoin the maintenance of a nuisance." Then follows a statement of the facts showing the nature of the action, after which, under the head of "The Issues" it is stated that the complaint consisted of two paragraphs. The first paragraph alleged the ownership in the appellants of the land abutting upon said public alleys and the maintaining of a nuisance and prayed for an abatement of the same. The second paragraph was dismissed upon appellants' motion. During the progress of the trial, the first paragraph was amended to conform to proof as to ownership of some of the lots in the

Miller addition and as to acts of ratification of the original Speer plat of Mechanicsburg. Under the head "Finding of the Court" is set out the "opinion of trial judge." It is then stated that on March 31, 1910, the appellants filed their motion for new trial for the reasons: "1. That the decision of the court is not sustained by sufficient evidence. 2. That the decision of the court is contrary to law. 3. The decision of the court is contrary to the law and the evidence. 4. The decision of the court is clearly against the weight of the evidence. And together with thirty separate other errors of the court numbered five to thirty-four respectively, committed during the trial of said cause in the admission of evidence and in overruling appellants' motions to strike out evidence bearing upon the length of time the alleys referred to in appellants' complaint had been occupied by appellees. * * * On the 30th day of June, 1910, said motion for a new trial was overruled and from said rulings appellants have appealed this cause to this court."

There is no statement in the brief that any exception to the ruling on the motion for new trial was taken, and no reference, by page or line to the transcript where any such exception will be found. There is no statement of the errors assigned, nor is there any statement of the errors relied on, but immediately following the statement above quoted relating to the ruling on the motion for new trial, appellants follow with their propositions and authorities. These propositions are the statements of general principles of law without any statement or indication as to what particular question presented by the appeal they are intended to apply.

By an examination of the record we find that but one error is assigned, viz., error in overruling the motion for new trial. The bill of exceptions contains over 700 pages of evidence. No attempt is made by appellants to set out a condensed recital of this evidence in narrative form except in their argument they say that "the undisputed evidence introduced on behalf of appellants briefly stated * * * in narra-

tive form is''; then follows a recital of what they regard as the undisputed facts in the case encompassed in two or three pages of their brief. It is then stated: ''This court will readily see then that there was no dispute as to the location of the fence and the other structure, the pig pen; that they were approximately located along the middle line of the alley so marked on the plat, which we are calling the eight-foot east and west alley and no dispute as to the fact that said fence entirely closed up the ten-foot alley running north but the errors at the trial of this cause of which we complain and for which we ask a reversal of this cause were in permitting appellees to show how long this fence had been maintained in this alley by appellees Elias Tomlinson and Asa O. and Cora Ruse and their grantors, and in permitting them to show how long they and their remote grantors had had adverse possession of these public highways. In our motion for a new trial we pointed out to the trial court thirty separate instances in which this error was committed.'' Not one of these separate instances is set out in the copy of the motion for new trial contained in their brief.

Under the rules of the Supreme Court and this court, and the decisions construing such rules, the failure of the appellants to show, in their brief, that they reserved any exception to the ruling of the trial court on their motion for new trial, or that they, in this court, assign such ruling as error and rely on it for a reversal, is sufficient to deprive them of the consideration of any question presented by the ruling on such motion. *Albaugh Bros., etc., Co.* v. *Lynas* (1911), 47 Ind. App. 30, 93 N. E. 678, 680; *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288, 293, 294, 69 N. E. 546, and authorities cited; *Thieme & Wagner Brew. Co.* v. *Kessler* (1911), 47 Ind. App. 284, 94 N. E. 338; *Schrader* v. *Meyer* (1911), 48 Ind. App. 36, 95 N. E. 335, and authorities there cited; *Bartholomew* v. *Grimes* (1912), 51 Ind. App. 614, 100 N. E. 12; *Anderson* v. *State* (1913), 179 Ind. 590, 101 N. E. 84, and authorities

Vulcan Iron, etc., Co. *v.* Electro, etc., Min. Co.—54 Ind. App. 28.

there cited. If we waive this omission and look to the motion for new trial to ascertain the erroneous rulings which appellants claim were pointed out therein to the trial court, we find that such rulings are not so pointed out to this court in the copy of such motion set out in their brief. The foregoing statement of the manner of the presentation of this appeal makes it apparent that this court could not say from appellants' brief alone, and without resort to the record that any ruling of the court below to which exception was properly saved, is presented by the appeal.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 343. See, also, under (1) 2 Cyc. 1017; (2) 3 Cyc. 419. As to authority of courts to enact rules, see 41 Am. St. 639.