## Fox *v.* Worm et al.

[No. 8,252. Filed February 19, 1914.]

1. Appeal. — *Review.* — *Insufficient Briefs.* — *Affirmance.* — Appellant's failure to comply with the rules of the court in the preparation of his brief, to the extent that no question is presented, requires an affirmance of the judgment appealed from. p. 517.

2. Appeal.—*Briefs.*—*Curing Defects.*—*Reply Brief.*—Omissions in appellant's original brief pointed out by appellees' brief cannot be cured by supplying them in the reply brief. p. 517.

From Superior Court of Marion County (82,121); *Charles J. Orbison,* Judge.

Action between William A. Fox and Albert R. Worm and others. From the judgment rendered, William A. Fox appeals. *Affirmed.*

*Eli F. Ritter,* for appellant.

*J. W. Kealing* and *J. E. McCullough,* for appellees.

Shea, P. J.—Appellees in this case point out several omissions in the preparation of appellant's brief. The second, third and fourth are as follows: "(2) Said appellant's brief contains no statement showing how the issues were decided or what the judgment or decree was, as required by clause 3, Rule 22 of this court. (3) The appellant's brief contains no statement disclosing the errors relied upon for reversal, as required by clause 4 of Rule 22 of this court. (4) The appellant's brief contains no statement of so much of the record as presents any error or exception relied on, nor does it contain any reference to pages and lines of the transcript touching any such error or exception relied on, as required by clause 5 of Rule 22 of this court." The seventh point charges that the evidence is not in the record. Other errors are pointed out, but these are sufficient for present purposes.

In appellant's reply brief, he attempts to cure some of the errors by pointing out the page and line of the record showing the submission of the cause, setting out the entry of submission. He also refers to the page and line of the record showing the judgment, setting out the judgment. He also shows by reference to page and line of the record the entry showing the filing of the motion for a new trial, with copy thereof, and the ruling of the court thereon. It has been held by both this court and the Supreme Court that omissions in the original brief pointed out by the answer brief of appellee can not be cured by supplying them by reply brief. *Albaugh Bros., etc., Co.* v. *Lynas* (1911), 47 Ind. App. 30, 93 N. E. 678; *Gates* v. *Baltimore, etc., R. Co.* (1900), 154 Ind. 338, 56 N. E. 722.

There is no explanation even in the reply brief of the failure to set out the assignment of errors in the original brief, neither is it pointed out where the assignment of errors may be found in the record. The failure to set out the assignment of errors in the brief is in direct violation of subdivision 4 of Rule 22 of this court.

*Griffilh* v. *Felts* (1913), 52 Ind. App. 268, 99 N. E. 432, and authorities there cited.

Because of the failure to file a brief in accordance with the rules of this court, the judgment is affirmed.

NOTE.—Reported in 104 N. E. 93. See, also, under (1) 2 Cyc. 1013; 3 Cyc. 419; (2) 2 Cyc. 1018.