# WICKERSHAM *v.* McGAUGHEY.

[No. 8,279. Filed March 31, 1914.]

1. APPEAL.—*Assignment of Errors.—Briefs.*—The assignment of errors is the complaint on appeal, and such errors as are relied on for reversal must be set out in appellant's brief in order to present any question thereon, hence where there is a failure to comply with the rules of court in this respect, an affirmance of the judgment is required.   p. 670.

From Superior Court of Marion County (84,088) ; *Charles J. Orbison,* Judge.

Action by Abbie McGaughey against Nannie Wickersham and another. From a judgment for plaintiff, the defendant named appeals. *Affirmed.*

*Charles B. Clarke* and *Walter C. Clarke,* for appellant.
*Emrick & Deupree,* for appellee.

FELT, J.—Suit by appellee McGaughey against appellee Gambrel and appellant Wickersham, copartners, for dissolu-

tion of a partnership and an accounting. Counsel for
1. appellee McGaughey insist that no question is presented by appellant's brief, for the reason that she has not set out therein the errors relied on for the reversal, by copying them in the briefs or by giving the substance thereof, as required by the rules of this and the Supreme Court. Our examination of appellant's brief compels us to sustain appellee McGaughey's contention in every particular as to the assignment of errors. In fact the briefs contain no reference or suggestion of any kind indicating that there is any assignment of errors. It has been frequently held by this and the Supreme Court that the assignment of errors is the complaint on appeal and that the briefs must set out the errors relied on for reversal and show a good faith effort to comply with the rules of the court, in order to present any question for decision. *Griffith* v. *Felts* (1913), 52 Ind. App. 268, 99 N. E. 432; *King* v. *State, ex rel.* (1911), 47 Ind. App. 595, 597, 93 N. E. 1082; *Chicago, etc., R. Co.* v. *Newkirk* (1911), 48 Ind. App. 349, 350, 93 N. E. 860; *Collins* v. *Wilber* (1910), 173 Ind. 361, 363, 89 N. E. 372; *Chicago Terminal, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253, 94 N. E. 1090; *Barnett* v. *Bromley Mfg. Co.* (1898), 149 Ind. 606, 49 N. E. 160. No error is presented by the briefs.

Judgment affirmed.

NOTE.—Reported in 104 N. E. 770. See, also, 2 Cyc. 989, 1014.