## DOEHRING *v.* HOLLENBECK.

[No. 8,273. Filed April 3, 1914. Rehearing denied July 3, 1914. Transfer denied January 29, 1915.]

APPEAL.—*Briefs.*—*Dismissal.*—Where the omissions and infirmities of appellant's brief make it impossible for the court to determine from it alone whether any question has been properly saved and presented, and are such that the court can neither safely nor intelligently determine questions, even if properly saved and presented, without an examination of the record, a dismissal of the appeal is required.

From Marion Circuit Court (17,710); *Charles Remster,* Judge.

Action by Maggie Hollenbeck against Frank Doehring. From a judgment for plaintiff, the defendant appeals. *Appeal dismissed.*

*Austin Flint Denny,* for appellant.
*Vincent G. Clifford, Adolph G. Emhardt* and *Christian J. Emhardt,* for appellee.

HOTTEL, J.—Appeal from a judgment for $1,000 damages recovered by appellee against appellant for personal injuries alleged to have been received through his negligence.

Appellant, in his brief, under the heading "Errors relied on for reversal", sets out certain errors purporting to be causes stated in his motion for a new trial. He then expressly waives the first three, leaving those only which relate to the exclusion of evidence and the giving or refusal to give instructions. The brief does not set out or refer to the assignment of errors, and there is nothing therein to indicate that the ruling on the motion for a new trial was assigned as error. The motion for a new trial is not set out. True the brief in setting out the errors relied on enumerates what purports to be "causes stated therein"; but the causes so enumerated are not in the words of such motion. Neither the instructions given, nor those refused, of which complaint

is made, are set out, except some portions of several of them are set out in the argument. The evidence set out and the rulings relating thereto are too meager to present any question without an examination of the record.

These omissions and infirmities of said brief make it impossible for this court to determine from it alone whether appellant has properly saved and presented any question for its determination; but even if it be conceded that the questions attempted to be presented are properly saved and presented by the "errors relied on", still the court could neither safely nor intelligently determine either of such questions without an examination of the record and hence under the rules of this and the Supreme Court, and the authorities construing them, there should be a dismissal of the appeal. *Wilt* v. *Board, etc.* (1913), 54 Ind. App. 240, 102 N. E. 878; *Miller* v. *Ruse* (1913), 54 Ind. App. 25, 101 N. E. 343; *Cleveland, etc., R. Co.* v. *Beard* (1913), 52 Ind. App. 105, 100 N. E. 392; *Capital Nat. Bank* v. *Wilkerson* (1905), 36 Ind. App. 550, 76 N. E. 258; *Henderson* v. *Henderson* (1906), 165 Ind. 666, 671, 75 N. E. 269; *Griffith* v. *Felts* (1913), 52 Ind. App. 268, 99 N. E. 432; *Ellison* v. *Flint* (1909), 43 Ind. App. 276, 279, 87 N. E. 38; *Wickersham* v. *McGaughey* (1914), 55 Ind. App. 669, 104 N. E. 770.

Appeal dismissed.

NOTE.—Reported in 104 N. E. 770. See, also, 2 Cyc. 1013.