CLEMENS ET AL. v. STONER, EXECUTOR, ET AL.

[No. 10,567.   Filed March 19, 1920.   Rehearing denied May 28, 1920.]

1. APPEAL.—Briefs.—Sufficiency.—Contents.—While appellant's brief should, under Rule 22 of the Appellate Court, show the filing of an appeal bond and the praecipe and the date when the motion for a new trial was filed, the court will not refuse to consider an appeal because of the omission of such information. p. 374.

2. APPEAL.—Briefs.—Sufficiency.—Recital of Evidence.—Where the exceptions or errors relied upon for reversal require a consideration of the evidence, the brief must show that a bill of exceptions was filed and must also contain a concise recital of the evidence, referring to the pages and lines where the evidence may be found, and, if it does not, the alleged errors will not be considered. p. 374.

3. APPEAL. — Briefs. — Sufficiency. — Overruling Objections to Evidence.—Presenting for Review.—To present for review alleged error of the trial court in overruling an objection to a question asked of a witness, appellant's brief must set out the question, the grounds upon which the objection was made, the ruling of the court, the exception, and the answer of the witness to the question, together with a reference to the page and line of the record where the proceeding can be found. p. 374.

4. APPEAL.—Briefs.—Sufficiency.—Sustaining Objections to Evidence.—Presenting. for Review.—To present for review on appeal alleged error of the trial court in sustaining an objection to a question asked of a witness, appellant's brief must set out the question, the offer to prove, the ruling of the court, the exception, and the page and the line of the record where they may be found. p. 374.

5. APPEAL.—*Briefs.*—*Sufficiency.*—*Waiver of Error.*—Alleged error in a conclusion of law is waived by appellant's failure to present any point or authority in his brief showing wherein the conclusion is erroneous. p. 375.

From Fulton Circuit Court; *W. C. Pentecost,* Judge.

Action by Naomi Clemens and others against Fletcher Stoner, executor of the estate of Harrison Graham, deceased, and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Meyers & Emmons* and *C. C. Campbell,* for appellants.
*Holman, Bernetha & Bryant, James H. Bibler, Arthur Metzler* and *Ruben R. Carr,* for appellees.

McMAHAN, J.—Nancy Graham died in 1912, leaving as her only heirs her husband and one grandchild. The appellants, who are nieces and nephews, commenced this action to establish and probate an alleged spoliated will and codicil of Mrs. Graham made in 1895 in which they were named as beneficiaries, and also to set aside the probate of an alleged will made in 1910 in which the surviving husband was named as the sole beneficiary. The complaint alleges that Mrs. Graham was of unsound mind at the time when she destroyed the first will and codicil, and when she attempted to execute the second. On the day the last will was made, she conveyed several tracts of land to her husband, which appellants ask be vacated and set aside on the ground that Mrs. Graham was of unsound mind.

From the special finding of facts, it appears that in 1895 Nancy Graham executed a will and later executed a codicil thereto, both of which were duly signed and witnessed as required by law, and in 1910 her husband by undue influence and fraud caused her to convey practically all of her real estate to him and to make a will giving him all of her property, when "she was greatly enfeebled in mind and body by age and disease at the

time she executed said deeds and will, so that her vitality was exhausted and her powers of resistance were gone." At the time of making said last will and conveyances the original will made in 1895 and codicil were produced, and, after the same had been read, she placed them in a stove where they were destroyed by fire. It was further found that Mrs. Graham died intestate leaving no child or children, but that she left a husband and one grandchild surviving her, who were her sole and only heirs; that the substance of the will destroyed had not been proved and that it could not be admitted to probate.

The court stated its conclusion of law to the effect that the destroyed will could not be admitted to probate, and that the appellants had no interest in the estate of the deceased. Judgment followed the conclusion of law. Appellants filed a motion for a new trial on the grounds that the decision of the court (1) is not sustained by sufficient evidence, (2) is contrary to law, and (3) that the court erred in excluding certain evidence. The errors properly assigned are that the court erred in its conclusion of law and in overruling the motion for a new trial.

Appellees insist that appellants' brief does not comply with Rule 22 of this court, in that it fails, among other things, to show: (1) The *praecipe* for the transcript; (2) that a bill of exceptions was presented to the court or that one was ever signed or filed; (3) the offers to prove alleged to have been made on the exclusion of evidence and many of the questions to which they relate are not shown; (4) that no references are given to pages or lines in the record where the excluded evidence, offers and exceptions may be found; (5) it is not shown when the motion for a new trial was filed so as to enable the court to determine whether it was filed in time; and (6) that in the recital of the evidence no

references are made to the pages or lines of the record where any of the evidence may be found.

Appellants, after having had their attention called to these defects in their brief, and to many of the authorities wherein the rule of the court relative to the preparation of briefs has been considered and construed, instead of asking leave to correct their brief so as to comply with the rule, content themselves by saying that "such matters are not required to be set out in the appellant's brief," and, if required to be set out in the brief, that "there would be little or no use for a transcript." Appellants have thus placed themselves on record as insisting that there is no merit in the objections made to their brief, and inviting a ruling of the court on the question as to whether their brief complies with Rule 22.

It has been deemed essentially important and necessary for the Supreme and this court to adopt rules concerning appeals and the preparation of briefs. Rule 22 requires that the brief of appellant shall contain a short and clear statement disclosing (1) the nature of the action, (2) what the issues were, (3) how the issues were decided, and what the judgment or decree was, (4) the errors relied upon for reversal, (5) a concise statement of so much of the record as to fully present every error and exception relied on, referring to the pages and lines of the transcript. If the insufficiency of the evidence to sustain the verdict or finding in fact or law is assigned, the statement shall contain a condensed recital in narrative form so as to present the substance clearly and concisely.

We shall not enter into a discussion of these rules or their requirements, but will content ourselves by citing a few of the decided cases, so that those who desire information can be informed. See *Henderson* v. *Henderson* (1906), 165 Ind. 666, 671, 75 N. E. 269; *Schrader*

v. *Meyer* (1911), 48 Ind. App. 36, 95 N. E. 335; *Huber Mfg. Co.* v. *Blessing* (1912), 51 Ind. App. 89, 99 N. E. 132; *Griffith* v. *Felts* (1913), 52 Ind. App. 268, 99 N. E. 432; *Fox* v. *Worm* (1914), 55 Ind. App. 516, 104 N. E. 93; *Lyons* v. *Souder* (1914), 56 Ind. App. 443, 105 N. E. 511; *Cleveland, etc., R. Co.* v. *Beard* (1913), 52 Ind. App. 105, 100 N. E. 392; *Doehring* v. *Hollenbeck* (1915), 58 Ind. App. 80, 81, 104 N. E. 770; *Gary, etc., R. Co.* v. *Hacker* (1915), 58 Ind. App. 618, 108 N. E. 756.

While the rule requires that appellant's brief contain so much of the record as to fully present every error and exception relied upon for reversal, we would not

1. refuse to consider an appeal on its merits, where the only objections to appellant's brief are that it fails to show the filing of an appeal bond, or that the *praecipe* was filed with the clerk, or the date when the motion for a new trial was filed, although such information is often helpful to the court. A well-prepared brief will, however, contain that information.

Where the exceptions or errors relied upon for reversal require a consideration of the evidence, it is absolutely essential that the brief show that a bill of

2. exceptions was filed, and it must also contain a concise recital of the evidence, referring to the pages and lines where the evidence may be found.

3. If the alleged error is that the court erred in overruling an objection to a question asked of a witness, the brief must set out the question, the grounds upon which objections were made, the ruling of the court, the exception, and the answer of the witness to the question, together with a reference to the page and line of the record where the proceeding can be found. Likewise, where the court sustains an

4. objection to a question, the brief must set out the question, the offer to prove, the ruling of

the court, the exception, and the page and line where the same may be found.   In the recital of the evidence, the page and line where the evidence is to be found should be given.   It has frequently been held that a failure to refer to the page and line where the evidence or the ruling of which complaint is made is such a defect in the brief as amounts to a waiver of the questions attempted to be presented.   See authorities hereinbefore cited.

While it is the desire of the court that every cause appealed shall be decided upon its merits, we must insist that the brief must show that a good-faith effort has been made to comply with the rules relative to the preparation of the record and briefs.   With our liberality in granting leave to amend, so as to correct errors and omissions, when application is timely made, there is no excuse for not having a case decided on its merits. The number of ill-prepared briefs and the indifference of the profession have prompted these remarks, and lead us to add that too many appeals are lost because of defective briefing.   A bad complaint may be cured by verdict in the trial court, while a wrong verdict may be affirmed on appeal because of an indifferently prepared brief.   Greater care and attention should be given in the preparation of briefs to see that every alleged error is properly presented, and less time and attention given to exaggerated statements and vituperative arguments, which serve no useful purpose and can well be omitted in appellate procedure.

Under the heading of "Points and Authorities" appellants made the one point that "The findings of fact are not sustained by sufficient evidence, and the conclusions of law is contrary to law."   Following this are ten propositions of law, the first two of which relate to the sufficiency of the evidence to sustain the finding of facts.   The other eight propositions can-

not under any possible construction apply to the alleged insufficiency of the evidence or the alleged error of the court in the conclusion of law. They all relate to the exclusion of certain evidence. Each proposition stated requires a consideration of the evidence. Appellant's brief having failed to show the filing of a bill of exceptions containing the evidence, the questions asked the witnesses, the offers to prove, the rulings of the court, the exceptions taken, and the failure to make references to the pages and lines of the record as required, no question is presented for our consideration which involves an examination of the evidence. The alleged error in the conclusion of law is waived by reason of the failure to present any point or authority to show wherein the same is erroneous.

Judgment affirmed.