Sanders v. Muegge et al.

No. 8949.

SANDERS v. MUEGGE ET AL.

SHERIFF'S SALE.— Fraudulent Conveyance.— Mortgage.—Notice.— Execution Docket.—Quieting Title.—A judgment creditor became the purchaser, on execution, of lands fraudulently conveyed by the debtor; proper return of the execution was made, and the return recorded in the execution docket as the statute requires. R. S. 1881, section 677. Before the time for redemption had expired, the person holding the legal title mortgaged the lands for a loan of money, the mortgagee having no actual notice of the fact that the conveyance to the mortgagor was made to defraud creditors.

Held, that the record upon the execution docket was constructive notice to the mortgagee.

Held, also, that after obtaining a proper sheriff's deed the judgment plaintiff could maintain a suit against the mortgagee to quiet title.

From the Superior Court of Marion County.

T. E. Johnson, A. C. Ayres and E. A. Brown, for appellant.
B. Harrison, C. C. Hines and W. H. H. Miller, for appellees.

HAMMOND, J.—Action by the appellant against the appellees to quiet title to, and to recover possession of, certain real estate in the city of Indianapolis.

The appellee, The Thames Loan and Trust Company, answered in three paragraphs, the first of which, being the general denial, was subsequently withdrawn; and, also, filed a cross complaint against the plaintiff and its co-defendants. The appellant's demurrer was overruled to the second and third paragraphs of said answer, and also to the cross complaint. The appellant filed a special answer to the cross complaint, and to this answer a demurrer was sustained. There was a trial by the court, resulting in a finding and judgment for The Thames Loan and Trust Company. Exceptions were taken to the several rulings on the demurrers to the pleadings, and, on appeal to the general term, the appellant assigned these rulings as errors. The general term affirmed the judgment of the special term. The appellant excepted, and has assigned the judgment of affirmance as error in this court.

The contest in this court being solely between the appellant and the appellee, The Thames Loan and Trust Company, the use of the word "appellee" in this opinion will refer exclusively to that company.

The material facts in the case, as they appear in the pleadings, are set out in the brief for the appellee as follows:

"John D. Muegge was the owner of certain lots in Indianapolis, and was at the time indebted to the plaintiff. For the purpose of cheating the plaintiff out of his claim Muegge made a conveyance, his wife joining therein, on May 20th, 1875, to one Winter, who, on the same date, reconveyed the same to Emma Muegge, wife of John D. Muegge. These deeds were duly recorded, and were without consideration. Muegge had no other property subject to execution. On October 6th, 1875, plaintiff obtained judgment in the superior court of Marion county against Muegge and one Hilgemeier, who had been his partner in contracting said debt, for $818.77. Execution was issued on this judgment, and on April 19th, 1876, Muegge filed a schedule, claiming to have no property. On May 4th, 1876, the sheriff levied the execution upon the real estate above referred to.

"On the 3d of June, 1876, the sheriff sold, and the plaintiff bought, the same (said real estate) at such sale for the amount of his judgment and costs, $909.21, said plaintiff paying for said purchase by the receipt of his judgment, and by paying the costs in money. The sheriff on the 23d of June, 1876, made due return of his execution, showing such levy and sale in the usual form, and said return was recorded in the execution docket as provided by law.

"On the 10th day of July, 1876, The Thames Loan and Trust Company, in good faith and without any actual knowledge of such sale, and without any knowledge except such constructive notice as the proper records disclosed, loaned to Emma Muegge and John D. Muegge, her husband, $2,200, and took from them a mortgage on said lots as security for the payment of said sum, and the money was actually advanced.

"The fact that this loan was made in good faith and without knowledge, except such constructive knowledge as the records, implied, is set up by way of answer and in a cross complaint, and the overruling by the court of the demurrers to this answer and cross complaint are the alleged errors complained of by the appellant."

It may be further stated that it is alleged in the appellant's complaint that the lots were not redeemed from his purchase at sheriff's sale, and that the appellant obtained a sheriff's deed therefor on June 14th, 1877, which was duly recorded.

The question to be considered is, whether a creditor of a fraudulent grantor, in obtaining judgment after the fraudulent conveyance, and in purchasing the real estate at sheriff's sale, under such judgment, can hold such real estate as against the claim of a mortgagee who takes his mortgage from the fraudulent grantee after the sheriff's sale, and after the return of the execution and the recording of the return, but before the execution of a sheriff's deed.

Conveyances of real estate, made with intent to defraud creditors, are void as to the persons sought to be defrauded. Section 4920, R. S. 1881. Lands fraudulently conveyed with intent to delay or defraud creditors are liable to all judgments and attachments, and to be sold on execution against the debtor. Sec. 752, R. S. 1881. While the statute makes fraudulent conveyances void as to creditors, the meaning is that they are voidable simply. If before the creditor takes the proper steps to avoid the fraudulent conveyance, the rights of innocent grantees or mortgagees intervene they are protected. But when the creditor elects in any manner provided by law to avoid the fraudulent conveyance, then such conveyance, as to him, is the same as though it had never had an existence. A deed or mortgage thereafter executed by the fraudulent grantee is, as to the creditor, absolutely void.

Under the facts stated in the appellant's complaint, he might have brought an action in the first instance to set aside the fraudulent conveyances and to have an order for the sale of

the property to satisfy his judgment. It was his privilege, however, to have the execution on his judgment levied upon the real estate and to have the real estate sold without any previous proceeding to set aside the fraudulent conveyance. He chose the latter method, and, in pursuing this method, he did all that he was required to do. He had an execution issued and levied upon the lots. The sale was publicly advertised as required by law. He became the legal purchaser of the land at the sheriff's sale. Under the law of redemption, he could not obtain a sheriff's deed for one year after the sale. But he received from the sheriff a certificate of purchase. He was not guilty of *laches* in not having this certificate recorded. At that time there was no law providing for the recording of certificates of purchase at sheriff's sales. The recording of an instrument not authorized to be recorded is not constructive notice to any person. *Brown* v. *Budd*, 2 Ind. 442. The sheriff made return of the execution and the return was recorded in the execution docket as provided by law. By these proceedings, the appellant was placed in a situation where, in one year after the sale, if the real estate was not in the meantime redeemed, he would be entitled to a sheriff's deed. This deed would vest in him all the title held by the judgment debtor at the date of the levy. And at that time such debtor must be regarded, we think, as the owner of the lots as to the appellant's judgment.

It is insisted by counsel for the appellee that if the appellant, before proceeding by execution, had brought an action to subject the lots to sale to pay his judgment, the *lis pendens* record would have been his protection. And it is urged that he was guilty of laches in not pursuing that remedy. In answer to this it may be said that while the appellant had the remedy suggested, the law also gave him the one which he adopted, and that he should not be held guilty of *laches* for selecting it in preference to the other.

But it can not be said in this case that the appellee, in taking its mortgage after the sheriff's sale to the appellant, and

after the return of the execution had been duly recorded, is to be regarded as an innocent mortgagee without notice. We think that it was chargeable with constructive notice, and that ordinary prudence in investigating its mortgagor's title would have given it actual notice of the appellant's claim. Sec. 517 of the code of 1852, being sec. 677, R. S. 1881, provides that "The clerk of every court of record shall keep an execution docket, in which he shall enter all executions as they are issued by him, specifying, in proper columns, the names of the parties, the amount of the judgment, and the interest due at the issuing of the execution, and the costs, and prepare an additional column, in which he shall enter at length the return of the sheriff; and such docket entries shall be taken and deemed to be a record." Under this statute, it was held in *Maddux* v. *Watkins*, 88 Ind. 74, that the return of the sheriff to an execution upon sale of real estate, after its entry by the clerk in the execution docket, was constructive notice as to its contents to a subsequent purchaser of the land.

The appellee's mortgage, as we have seen, was taken on July 10th, 1876. An examination of the proper deed records would have shown it that John D. Muegge, one of the parties against whom the appellant obtained his judgment, owned the land on May 20th, 1875, when he conveyed to Winter, who, on the same day, reconveyed to Muegge's wife. A further examination of the proper court records would also have shown the appellee that in less than five months after these conveyances the appellant obtained a judgment against Muegge and another for $818.77; that an execution, issued on this judgment, was levied upon the real estate, and that said real estate was sold at sheriff's sale to the appellant on the 3d day of June, 1876. Of all this there was a public record, of which the appellee was bound to take notice at the time it accepted its mortgage.

In the case of *Brown* v. *Niles*, 16 Ill. 385, an execution was issued to a county other than that in which the judgment was rendered, and was levied upon land which was held in the

name of a fraudulent grantee of the judgment defendant. On the day of the levy, in compliance with a statute of that State, a certificate of the levy was filed in the recorder's office of the county where the levy was made. Afterwards the fraudulent grantee conveyed to one who purchased for value without notice of the fraud, and without actual notice of the levy. It was held that the filing with the recorder of the certificate of the levy was notice of the rights of the judgment creditor in the land levied upon. It was said by the court in that case:

" If the filing of the certificate of levy in such case is not notice to subsequent purchasers, neither would the sheriff's deed, or the record thereof, be; and Brown could have defeated the execution and levy by selling the land at any time, until ejectment brought by the purchaser at the sheriff's sale. This ejectment could not be brought until after sale and the period of redemption had expired, which would exceed fifteen months. This construction of the statute would render worthless an ordinary and well known remedy.

" The judgment creditor, where the debtor's lands have been conveyed to defraud creditors, may disregard the fraudulent conveyance while the lands remain in the hands of the fraudulent grantee; may levy upon the same, and the purchaser at sheriff's sale may bring ejectment, and, at law, avoid the fraudulent conveyance. In such case, the purchaser has but to prove the judgment, execution and sheriff's deed, and that the conveyance of the judgment debtor was made to defraud, delay, or hinder his creditors to recover.

" He recovers upon the strength of the lien. When then should the lien attach? Precisely when it would have attached had the avoided conveyance never been executed: at the time of filing the certificate of levy.

"As to such creditor, the statute makes the fraudulent deed void, and his execution levied and certificate filed in the proper office, ought to be constructive notice of his rights to avoid the deed."

As fully sustaining the above case, and the principle we

hold in this, that the entry of the sheriff's return in the execution docket, showing the sale to the appellant, was notice to the subsequent mortgagee from the fraudulent grantee, see Reed v. Smith, 14 Ala. 380; Hoke v. Henderson, 3 Dev. (N. C.) 12; McCreery v. Pursley, 1 Marshall (Ky.) 114; Anderson v. Roberts, 18 Johns. 515.

Crockett v. Maguire, 10 Mo. 34, may be distinguished from the case at bar and from the cases above cited. In that case the land was never in the name of the fraudulent debtor. He purchased the land and paid the consideration, but had the conveyance made to another. The land was sold on execution against him and the sheriff's deed recorded. Afterwards the land was conveyed by the fraudulent grantee to one who had no notice of the fraud and no actual knowledge of the sheriff's deed. It was held that the registry of the sheriff's deed was not constructive notice. The opinion gives prominence to the fact that the land had not been in the name of the debtor, and that there was, therefore, no evidence in the records that the title ever came through him. The court, in its opinion, takes care to distinguish that case from Anderson v. Roberts, supra, where it was held that when there is a deed, fraudulent because made to defraud creditors, and subsequent conveyances are made by the fraudulent grantee to bona fide purchasers, such purchasers are protected only where their conveyances are prior in time to a sale on execution at the suit of a creditor of the fraudulent grantor.

Our conclusion is that the appellant's claim to the land derived from his purchase at sheriff's sale was fully protected by the return of the execution and its entry in the execution docket, and that the record thus made was constructive notice to the appellee.

This view of the case compels us to hold that the trial court erred in overruling the appellant's demurrer to the second and third paragraphs of the appellee's answer, and also erred in overruling his demurrer to the appellee's cross complaint.

Judgment reversed, at appellee's costs, with instructions to

the court below to sustain the demurrers above mentioned, and for further proceedings in accordance with this opinion.

ELLIOTT, J., did not participate in the decision of this case.

