## SULLIVAN v. KOHLENBERG.

[No. 4,382. Filed May 26, 1903.]

INTOXICATING LIQUORS.—*Agreement Not to Permit Sale of Liquor on Premises.—Subsequent Purchaser.—Covenant.*—An agreement of record between the owner of the south half of a lot and the purchaser of the north half not to permit the sale of intoxicating liquors on the south half of the lot, nor to convey the same without inserting a restrictive clause to that effect in the deed, made in consideration of such purchase, and of an agreement to erect a joint building on the lot, though not a covenant running with the land, is enforceable in equity against a subsequent owner under a deed without the restrictive clause. *pp. 216–218.*

SAME.—*Agreement Not to Permit Sale of Liquor on Premises.—Monopoly.—Restraint of Trade.*—A contract prohibiting the sale of intoxicating liquors upon a certain lot is not invalid as against public policy in restraint of trade, or tending to create a monopoly. *p. 218.*

From Wabash Circuit Court; *H. B. Shively*, Judge.

Suit by Christian Kohlenberg against John A. Sullivan. From a judgment for plaintiff, defendant appeals. *Affirmed.*

Sullivan *v.* Kohlenberg.

*Lett & Haisley*, for appellant.
*R. T. St. John* and *W. H. Charles*, for appellee.

ROBINSON, C. J.—Suit by appellee to restrain appellant from selling liquor upon certain described premises.

In April, 1897, appellee and one John Weigel entered into a written agreement which recited that Weigel then owned in fee the south half of a certain lot and that one Overman owned the north half; that Weigel, being desirous to have some one purchase the north half and join him in the erection of a joint brick block on the lot, agreed with and promised Kohlenberg that, in consideration of his purchasing from Overman the north half, he (Weigel) would never sell or permit sold intoxicating liquors on the south half of the lot, and "that he will not sell or transfer the south half to any person or persons without inserting in the deed of conveyance a clause prohibiting the sale of intoxicating liquors, and that, if said clause shall be violated, the property shall revert to the grantor; and the second party [appellee] agrees to purchase the said north half in consideration of said promise of said first party, and it is hereby agreed between said parties that as soon as practicable they will erect a brick block on said lot." The agreement was recorded in the miscellaneous record of the recorder's office of Grant county on the same day. Pursuant to this agreement appellee avers that he purchased the north half of the lot, and he and Weigel jointly erected a two-story brick building, with two business rooms and a joint stairway between them leading to the second story. Weigel afterwards sold the south half of the lot to appellant, who took the conveyance with knowledge of the agreement, without inserting in the deed a clause prohibiting the sale of liquors. Appellee sues to restrain appellant from locating a saloon and "road house" in the part of the building standing on the south half of the lot, averring certain special injury to his property.

The agreement in question is not a covenant which runs with the land. There was no privity of estate between the' parties to the agreement, the covenantee had no interest in the land upon which the covenant imposed a burden, no interest or estate was granted, and the act which it was agreed should be done did not concern any interest or estate granted or conveyed. *Indianapolis Water Co.* v. *Nulte,* 126 Ind. 373; *Conduitt* v. *Ross,* 102 Ind. 166; *Wells* v. *Benton,* 108 Ind. 585.

But the contract in question is a restrictive agreement as to the use of property, which may be enforced upon equitable grounds in favor of the lot designed to be benefited by the restriction. And it may be enforced against any owner of the lot, subject to the burden of the restriction, who took it with notice. When Weigel entered into the agreement he attached to that part of the lot owned by him an equity in favor of the appellee as soon as he became the owner of the other part of the lot. Appellee purchased the lot, relying upon the agreement made by Weigel, which was a valid agreement and certainly binding upon Weigel. Equity would have restrained him from selling liquor upon the lot, and appellant, having purchased the lot with notice of the equity, does not stand in any different situation from the party from whom he purchased. As the agreement was intended to affect the use of the property in the hands of a grantor by inserting in the deed a restriction upon its use, it can not be said to be a purely personal contract, but goes with the land into the hands of a purchaser with notice of the agreement. The complaint states sufficient facts to entitle appellee to injunctive relief. See *Lewis* v. *Gollner,* 129 N. Y. 227, 29 N. E. 81, 26 Am. St. 516; *Watrous* v. *Allen,* 57 Mich. 362, 24 N. W. 104, 58 Am. Rep. 363; *Hano* v. *Biglow,* 155 Mass. 341, 29 N. E. 628; *Peabody Heights Co.* v. *Willson,* 82 Md. 186, 32 Atl. 386, 1077, 36 L. R. A. 393;

*Coughlin* v. *Barker,* 46 Mo. App. 54; *Hayes* v. *Waverly, etc., R. Co.,* 51 N. J. Eq. 345, 27 Atl. 648; *Ferris* v. *American Brewing Co.,* 155 Ind. 539; *Ladd* v. *City of Boston,* 151 Mass. 585, 24 N. E. 858, 21 Am. St. 481 and note.

There was no error in sustaining a demurrer to appellant's eighth paragraph of answer, which pleaded facts intending to show that the contract was invalid, as against public policy, in that its purpose was to create a monopoly in that vicinity in appellee. It can not be said that a contract prohibiting one person and his assigns from selling liquor upon a single lot would confer the power to obtain a monopoly in the business. The scope of the facts pleaded in the answer can not be said to create a monopoly. Nor can it be said that they show an unreasonable restraint upon trade. The contract contained no general restraint upon Weigel's right to engage in the liquor business. *O'Neal* v. *Hines,* 145 Ind. 32; *Eisel* v. *Hayes,* 141 Ind. 41.

Judgment affirmed.