## KAISER, ET AL. *v.* WITTEKINDT, ET AL.

[No. 9,017. Filed June 2, 1916.]

1. APPEAL.—*Burden of Showing Error.*—On appeal the burden is on the appealing party to present to the court the errors relied upon for reversal. p. 174.

2. APPEAL.—*Presentation of Error.—Assignment of Error.*—The first step necessary to properly present such errors as are relied on for reversal is a proper assignment thereof on the transcript filed in the appellate court. p. 174.

3. APPEAL.—*Briefs.—Requisites in General.*—The brief must indicate such of the assigned errors as are relied on for reversal, as provided in Rule 22, cl. 4, of the Supreme and Appellate Courts, and should contain enough of the record and references thereto to present the ruling upon which each respective error relied on for reversal is predicated, and, where several errors are relied on, the requirement of the rules of the court is not met by a statement in appellant's brief of general propositions of law and a citation of authorities thereunder unless such brief indicates the error to which appellant seeks to apply his proposition of law and authorities. p. 174.

4. APPEAL.—*Review.—Sufficiency of Evidence.*—Where appellants, who were plaintiffs below, seek a reversal of a decision of the trial court on the ground that such decision was not sustained by sufficient evidence to entitle appellants to such reversal, the burden is upon them to show that there was undisputed evidence before the trial court in support of every element essential to the cause of action stated in the complaint,

and that such evidence as to each of such elements was susceptible to but one conclusion, that is, that such element had been proven. p. 175.

5. APPEAL.—*Reversal.*—*Insufficiency of Evidence.*—*Burden of Proof.*— Where, in an action for damages, it was alleged in the complaint that defendants contracted with the plaintiffs to furnish them a specified number of half beer barrels of the standard gauge and measurement as required by the United States government, and that the half barrels as furnished were larger than the regulation size resulting in damage to the plaintiff by reason of the excess beer placed therein, expense of recoopering, etc., and there was no evidence of any government law fixing any standard gauge for half barrels, nor was there any conclusive evidence that the half barrels furnished did not meet the contract requirement as to size, or that such half barrels holding an excess quantity were identified as those furnished by defendants, *held*, that appellant has not sustained his burden of showing that the decision of the trial court for the defendant was not sustained by sufficient evidence.   p. 176.

From Vanderburgh Superior Court; *F. M. Hostetter,* Judge.

Action by Joseph P. Kaiser and Frank Schmidt, partners, against Adolph Wittekindt & Son, partners. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Durre & Curry* and *Corliss, Leete & Moody,* for appellants.

*Philip W. Frey, John D. Welman, Walton M. Wheeler* and *John H. Foster,* for appellees.

HOTTEL, P. J.—This is an appeal from a judgment in appellees' favor in an action brought by appellants to recover damages for an alleged breach of contract. The complaint is in one paragraph and charges that appellants are partners, doing business under the firm name of "Champion Brewery"; that on June 4, 1910, they were engaged in conducting a brewery and in manufacturing and selling beer under and by virtue of the laws of the United States government; that appellees were engaged in manufacturing and selling beer cooperage and on

said date, for the consideration of $1,355.40, entered into an agreement with appellants to sell and deliver to them for use in their business "416 half beer barrels of standard gauge as required by the internal revenue department and the United States of America; that in pursuance to said contract and agreement * * * defendants did on the 4th day of June, 1910, warrant, sell and deliver to plaintiffs * * * 416 half beer barrels and received of plaintiffs the consideration therefor, $1,355.40; that plaintiffs relying upon the experience and reputation .of defendants in manufacturing beer cooperage, and believing said 416 half beer barrels were of standard gauge and measurement as required by the laws of the United States government, did use said 416 half barrels by filling the same with beer and selling said products upon the market; that said defendants well knew the purpose for which said barrels were * * * to be used by the plaintiffs when the same were contracted for and delivered; that said barrels * * * were not of standard gauge and measurement, but were largely in excess thereof, by reason thereof the plaintiffs were deceived, and at each time said half barrels were filled, plaintiffs believing the same were of standard gauge were induced to and did place in said barrels an excess quantity of beer of the total value of $276, which was then and there the market price of said excess beer, and which sum the plaintiffs lost thereby; that by reason of the said breach, as aforesaid the plaintiffs were compelled to pay to the said government * * * $960 for using said 416 barrels in their business as aforesaid. That plaintiffs were compelled to lay out and expend the sum of $120 to have said barrels recoopered so as to conform to the requirements of the laws of the United States. That plaintiffs demanded of said defendants said sums

so paid out and expended" by them and defendants refused to pay; that by reason thereof appellants have been damaged in the sum of $1,356. This complaint was not challenged by demurrer and the only answer was a general denial.

It is insisted by appellees that the specifications of error set out in appellant's brief are not such as can be reviewed upon appeal, and that such brief in other respects so far fails to comply with the rules of the court that no question is presented.

We deem it unnecessary to indicate or discuss the several suggested infirmities of such brief. It is sufficient to say that in the appellate tribunal the burden is on the appealing party to properly present to such court the ruling or rulings of the trial court on which he relies for reversal. The first step necessary to such end is a proper assignment of errors on the transcript filed in this court. The brief must also point out or indicate such of the assigned errors as are relied on for reversal (*Wickersham* v. *McGaughey* [1914], 55 Ind. App. 669, 104 N. E. 770; *DuBois* v. *Home, etc., Assn.* [1915], 183 Ind. 343, 109 N. E. 188; *Judy* v. *Woods* [1912], 51 Ind. App. 325, 99 N. E. 792; Rule 22, cl. 4) and should contain enough of the record and references thereto to fairly present the ruling upon which each respective error so relied on is predicated. *Newman* v. *Horner* (1914), 55 Ind. App. 298, 103 N. E. 820; *McKinley* v. *Britton* (1913), 55 Ind. App. 21, 103 N. E. 349; *Bottema* v. *Tracy* (1915), 58 Ind. App. 96, 107 N. E. 741; *Mercer* v. *State* (1913), 179 Ind. 426, 428, 101 N. E. 482; Rule 22, cl. 5. Where several errors are relied on in appellant's brief, the requirement of the rules of the court is not met by a statement therein of general propositions of law and citation of authorities thereunder with no applica-

tion thereof to any particular error, but in such a case the brief must indicate the error to which appellant seeks to apply his proposition of law and authorities. *Palmer* v. *Beall* (1915), 60 Ind. App. 208, 110 N. E. 218, and cases cited.

Under the construction of the rules above indicated, appellants present at most only that ground of their motion for a new trial which challenges the decision of the trial court as not being sustained by sufficient evidence. To entitle them to a reversal on such ground, the burden is on them to show that there was undisputed evidence before the trial court in support of every element essential to the cause of action stated in the complaint, and that such evidence as to each of such elements was susceptible of but one conclusion, viz., that such element had been proven.

4. It is not easy to determine on what theory the complaint proceeds, but our examination of the evidence convinces us that whatever may have been the theory adopted in and by the trial court, the evidence was not such as to compel a decision in favor of appellant under the rule above stated. It would seem from the averments, *supra*, that appellants relied on a warranty, express or implied, that the half barrels purchased from appellees would conform to some government regulation as to the number of gallons that each half barrel would hold. Appellants have not cited any government regulation, and we know of none, regulating the manufacture of half barrels and fixing any gauge, or the standard gauge, for such half barrels. Indeed, it appears from the evidence that the custom among cooperage manufacturers is to make such half barrels a little large, viz., within a range of a small amount over fifteen and one-half to seventeen gal-

lons, so as to allow for shrinkage on account of re-pitching after they have been used.

Assuming, however, without so deciding, that appellees' contract with appellants required them to furnish appellants with half barrels holding fifteen and one-half gallons and no more and that such contract was proven as alleged in the complaint, or that as to such element of appellants' cause of action, the proof necessary to recovery was made without objection and should be considered by this court, the evidence is not conclusive that the half barrels furnished by appellees did not meet this requirement. The evidence was probably conclusive that appellants had in their possession half barrels, some of which held a substantial excess over fifteen and one-half gallons, but the evidence was of such a character that the trial court may have had some doubt as to whether appellants had identified the barrels containing such excess as being the barrels furnished by appellees under such contract. As before stated, the burden was on appellants to prove their cause of action as stated or attempted to be stated in their complaint, and for the reasons indicated this court is unable to say that the evidence is such as to necessitate a decision different from that reached by the trial court.

Finding no reversible error in the record, the judgment below is affirmed.

NOTE.—Reported in 112 N. E. 896. See under (4) 4 C. J. 777; 3 Cyc 308, 360.