STARZ ET AL. v. KIRSCH.

[No. 11,424.   Filed June 22, 1922.]

1. APPEAL.—*Briefs.*—*Sufficiency.*—A statement in the proposi-
tions or points in appellants' brief that the decision over-
ruling their motion for new trial is contrary to law, followed
by certain citations and abstract propositions of law, and a
further statement that certain grounds for new trial relate to
the sufficiency of the evidence, is insufficient to present any
question on appeal with reference to the ruling on the motion
for new trial.  p. 432.

2. RECORDS.—*Instruments Entitled to be Recorded.*—*Agreement
by Adjoining Owners as to Use of Land.*—*Statutes.*—Sections
3462, 3992 Burns 1914, Acts 1913 p. 233, §2956 R. S. 1881,
relating to the recording of conveyances of land, apply only
to such instruments in writing as affect the title to land, or
some interest therein, and not to those merely evidencing per-
sonal covenants, and an agreement by a landowner with an
adjoining owner not to sell or lease any land, nor build or
permit to be built on the land, any building to be used in the
business of buying and selling grain, is not entitled to be
placed of record.  p. 434.

3. VENDOR AND PURCHASER.—*Agreement by Adjoining Owners
as to Use of Land.*—*Enforcement against Purchaser without
Notice.*—A written agreement by a landowner with an adjoin-
ing owner not to sell or lease any land, nor to build nor per-
mit to be built on the land, any building to be used in the
business of buying or selling grain, is a mere personal covenant
of such landowner, and, the recording of the agreement not
being authorized by statute, the recording thereof did operate
as constructive notice, and the agreement cannot be enforced
against a subsequent purchaser without actual notice, even
upon equitable grounds.  p. 434.

From Benton Circuit Court; *Burton B. Berry,* Judge.

Action by Joseph Kirsch against William F. Starz and
others in which defendants filed a cross-complaint.
From a judgment for plaintiff, the defendants appeal.
*Affirmed.*

*Ernest Merrick Hawkins,* for appellants.

*Fraser & Isham* and *Wilbur F. Morgan,* for appellee.

BATMAN, C. J.—This is an action by appellee and a
cross-action by appellants, each seeking to quiet their

respective titles to certain real estate. Appellants in their cross-complaint also seek certain injunctive relief against appellee. After issues were joined, the cause was submitted for trial, and upon request the court made a special finding of facts and stated its conclusions of law thereon. Appellants filed a motion for a new trial which was overruled, and thereupon the court rendered judgment in favor of appellee upon the conclusions of law. Appellants are now prosecuting this appeal on an assignment of errors which challenges the action of the court in overruling their motion for a new trial, and in stating each of its conclusions of law.

Appellants have failed to present any question with reference to the action of the court in overruling their motion for a new trial. In their propositions or 1. points, they state under the heading "Motion for a new trial," that the decision of the court is contrary to law, and follow this with certain citations, and two abstract propositions of law. This is followed by the further statement that the first and third grounds of the motion for a new trial relate to the sufficiency of the evidence. This is not sufficient to present any question for our consideration with reference to such motion. *Indiana Utilities Co.* v. *Wareham* (1918), 66 Ind. App. 542, 118 N. E. 572; *Mutual Life Ins. Co.* v. *Finkelstein* (1915), 58 Ind. App. 27, 107 N. E. 557.

The only questions remaining relate to the correctness of the conclusions of law, and involve a determination of what rights, if any, can be asserted by appellants against appellee, by reason of the following agreement, when considered in connection with the facts hereinafter set out:

"By this agreement Emory R. Foster and Maud D. Foster, of Benton County, Indiana, in consideration of the sum of $625.00 paid by Charles W. Starz and W. F. Starz, agree with the said Starz and

Starz that they will not sell or lease any land, nor build, nor permit to be built, operated, maintained, or controlled on any land in the Northwest Quarter of Section 5 Township 24 North, Range 9 West, any building for elevator purposes or for any other purposes having to do with the buying and selling of grain. An additional consideration for this contract is that said Starz and Starz have paid said sum of money to said Foster and Foster in the compromise and settlement of certain litigations pending in the Benton Circuit Court by the Indiana Harbor Railroad Company and the said Foster and Foster. In witness whereof, the said parties have executed this contract in duplicate this May 24, 1905.

Emory R. Foster  W. F. Starz & Company
Maud D. Foster  Per Charles W. Starz."
(Here follows certificate of acknowledgment)

Said agreement was recorded "in Miscellaneous Record" of the county in which the land described therein is situated, on August 7, 1905. At the time it was executed appellants were engaged in business under the name of W. F. Starz and Company, and the said Foster and Foster were the owners of the land described therein. Appellants had theretofore acquired from another party a lease on certain adjoining land, with an option to purchase the same. After the execution of said agreement, appellants purchased said adjoining land pursuant to their option, erected thereon an elevator, warehouse, office building, cribs, coal bins and dwelling houses, and have been engaged in the grain business thereon continuously since the year 1906. The said Foster and Foster continued their ownership of the land described in said agreement until Feb. 28, 1910, when they sold and conveyed a portion of the same to appellee. Said deed of conveyance contained no restrictions or limitations whatsoever, and appellee had no personal or actual knowledge of the existence of said

agreement at the time of purchasing said land, and accepting a deed therefor.

It is clear that appellee's title to the land in question, and his right to the unrestricted use thereof, would not be affected by said agreement, no matter what construction is placed thereon, unless he had knowledge of its existence at the time he acquired title thereto. The court found he had no personal or actual knowledge at that time, and therefore, unless it can be said that he had constructive knowledge of its existence, his rights are unaffected thereby. It is well settled that the record of an instrument, the recording of which is not authorized by statute, is not constructive notice. *Brown* v. *Budd* (1850), 2 Ind. 442; *Sanders* v. *Muegge* (1883), 91 Ind. 214; *Reeves* v. *Hayes* (1884), 95 Ind. 521; *Walter* v. *Hartwig* (1886), 106 Ind. 123, 6 N. E. 5; *Kothe* v. *Krag-Reynolds Co.* (1898), 20 Ind. App. 293, 50 N. E. 594; *Carmichael* v. *Arms* (1912), 51 Ind. App. 689, 100 N. E. 302; *Bledsoe* v. *Ross* (1915), 59 Ind. App. 609, 109 N. E. 53. Appellants evidently recognized this fact, and have cited §§3962, 3992 Burns 1914, Acts 1913 p. 233, §2956 R. S. 1881, as showing that the agreement in question was entitled to be placed of record. An examination of these sections discloses that they apply only to such instruments in writing as affect the title to land, or some interest therein, and not to those which merely evidence personal covenants. The agreement in question evidently belongs to the latter class. *Sullivan* v. *Kohlenberg* (1903), 31 Ind. App. 215, 67 N. E. 541; *Taylor* v. *Owen* (1830), 2 Blackf. 301, 20 Am. Dec. 115. Therefore, it cannot be said to have been recorded by virtue of said sections. *Sjoblom* v. *Mark* (1908), 103 Minn. 193, 114 N. W. 746, 15 L. R. A. (N. S.) 1129, 14 Ann. Cas. 125. We have not been able to find any statute which requires or authorizes the recording of such an instrument, and hence we

conclude that its record did not give constructive notice of its existence. It follows, that since appellee had neither actual nor constructive notice of such agreement, at the time he acquired title to the land in question, its provisions could not be enforced against him, even upon equitable grounds. For the reasons stated we hold that the court did not err in stating either the first, third, fourth and fifth conclusions of law. Since these conclusions are sufficient to sustain the judgment rendered in favor of appellee, it is not necessary to consider the second conclusion, as error in stating the same, if any, would be harmless, in view of the decision we have announced as to other questions involved.

Judgment affirmed.