## Kimmick's Estate *v*. Dixon.

[No. 14,256.   Filed August 11, 1931.]

Russel P. Kehoe, for appellant.
Wilmer T. Fox, for appellee.

Kime, J.—This is an appeal from the allowance of a contested claim against an estate.   The daughter of the decedent filed her claim against her mother's estate for $626 for nurse hire alleged to have been furnished her mother.   The claim was disallowed by the administrator and was tried before a jury.   A set-off was claimed by the estate.   The jury found for the claimant in the amount claimed and against the estate on the set-off.   Following a judgment on the verdict was a motion for a new trial setting out five reasons therefor. The first two being:   (1) The verdict of the jury is not sustained by sufficient evidence; and (2) the verdict of the jury is contrary to law.   The others are not ma-

terial here, being waived. The error assigned here is the overruling of the motion for a new trial.

The appellee raises the question as to the sufficiency of the propositions, points and authorities. In the case of *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245 at p. 252, 80 N. E. 538, it is said: "Stating in the points . . . 'that a motion for a new trial was not supported by sufficient evidence' . . . without giving any specific reason therefor, is too indefinite to present any question," citing *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 78 N. E. 1033, and cases there cited, to which we add *Gray* v. *McLaughlin* (1921), 191 Ind. 190, 131 N. E. 518; *Kaiser* v. *Wittekindt* (1916), 62 Ind. App. 171, 112 N. E. 896; *Indiana Mfg. Co.* v. *Coughlin* (1917), 65 Ind. App. 268, 115 N. E. 260; *Starz* v. *Kirsch* (1922), 78 Ind. App. 431, 136 N. E. 36; *Albaugh Brothers Dover & Co.* v. *Lynas* (1910), 47 Ind. App. 30, 93 N. E. 678. Mere general statements without specific and definite reasons specifically applied present no question under Rule 22, clause 5, of the rules of this court.

We have read the evidence in the record, and find it sufficient to sustain the verdict of the jury and the judgment rendered thereon.

No reversible error being presented, the judgment of the Clark Circuit Court is affirmed, and it is so ordered.