FARMERS AND MERCHANTS MUTUAL INSURANCE COMPANY *v.* AMMERMON ET AL.

[No. 14,684. Filed February 22, 1933. Rehearing denied May 19, 1933.]

*Afton L. Herbst* and *Kemp & Russel,* for appellant.

*Forrest E. Jump, Joseph C. Herron* and *Cleon Mount,* for appellees.

KIME, P. J.—This was an action brought by appellees against appellant to recover upon a certain fire insurance policy. From an adverse finding and judgment, appellant appeals, assigning as error the overruling of its motion for a new trial.

Appellees have directed our attention to the fact that appellant's brief presents no question for the reason that same does not comply with Rule 22, Clause 5 of the Supreme and Appellate Courts.

A careful examination of the brief of appellant discloses that, under the heading of "Points, Propositions and Authorities," the only matter set forth is that "The finding and decision of the court herein is not sustained by sufficient evidence," and "The finding and decision of the court herein is contrary to law," with seven cases being cited in support thereof. The mere statement that the decision of the court is not sustained by sufficient evidence or is contrary to law, without giving any specific reasons.therefor, is too indefinite to present

any question to this court for its consideration. *Kimmick's Estate* v. *Dixon* (1931), 93 Ind. App. 8, 177 N. E. 340; *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245, 252, 80 N. E. 538; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1906), 168 Ind. 438, 78 N. E. 1033, and cases there cited; *Gray* v. *McLaughlin* (1921), 191 Ind. 190, 131 N. E. 518; *Kaiser* v. *Wittekindt* (1916), 62 Ind. App. 171, 112 N. E. 896; *Indiana Mfg. Co.* v. *Coughlin* (1917), 65 Ind. App. 268, 115 N. E. 260; *Starz* v. *Kirsch* (1922), 78 Ind. App. 431, 136 N. E. 36; *Albaugh Brothers Dover & Co.* v. *Lynas* (1910), 47 Ind. App. 30, 93 N. E. 678. "Mere general statements without specific and definite reasons specifically applied present no question under Rule 22, clause 5, of the rules of this court." *Kimmick's Estate* v. *Dixon, supra.*

This cause is therefore affirmed, and it is so ordered.